IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FLOYD BOGGS,**

        **Plaintiff,**

v.                                  **Civil Action Number:** 2:25-cv-00427

**CORRECTIONAL OFFICER LYLE LESHER,**
**CORRECTIONAL OFFICER NICHOLAS BLANKENSHIP,**
**and CORRECTIONAL OFFICER MONTGOMERY EVANS,**
        **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Floyd Boggs, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Floyd Boggs (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was and remains incarcerated at the Mount Olive Correctional Complex (hereinafter MOCC).

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendants, Correctional Officers Lyle Lesher, Nicholas Blankenship, and Mongomery Evans were employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officers at MOCC that used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendants directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount

commensurate with the amount of insurance coverage when applicable to the claims made herein.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. On or about August 28, 2024, Plaintiff Boggs was in the Quilliams unit in his cell. Plaintiff popped the sprinkler and was asked to cuff up by the Defendant Officers Lesher, Blankenship, and Evans. Plaintiff complied and was handcuffed behind his back and removed from his cell. Plaintiff was also placed into leg shackles around his ankles. Plaintiff was then taken to the multipurpose room on the Quilliams unit.

8. Once inside the multipurpose room, Defendant Lesher began cursing at Plaintiff and threatening plaintiff. Defendant Lesher approached Plaintiff and pointed his finger in Plaintiff's face and chest. Plaintiff cursed back at Defendant Lesher, at which time Defendant Lesher, Defendant Blankenship, and Defendant Evans grabbed Plaintiff and slammed Plaintiff to the floor. Defendants Lesher, Blankenship, and Evans then began to punch, strike, and knee Plaintiff while he was on the ground, handcuffed behind his back, shackled around his legs and four to five officers (including the defendants) were in contact with him holding him down. Defendant Blankenship can be seen on video delivering multiple strikes to Plaintiff's body while Plaintiff was handcuffed and shackled and laying facedown on the ground. Plaintiff was not a threat to himself, the Defendants, or anyone else at the time he was slammed and beaten. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights. Plaintiff suffered serious injuries from the Defendants' use of excessive force, including but not limited to loss of vision, numbness in his extremities, serious bruising and injuries to his face, head, and body.

9. Defendants Lesher, Blankenship, and Evans without any just cause, used excessive force against plaintiff by slamming Plaintiff to the ground and beating, punching, and striking Plaintiff without any justification. Plaintiff suffered severe physical injury as a result of this use of excessive force.

10. Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. The individual defendants are being sued in their individual capacity and were acting under the color of state law at all times relevant herein.

11. The excessive conduct of Defendants Lesher, Blankenship, and Evans is on a video recording.

12. Defendants Lesher, Blankenship, and Evans's conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. The conduct described above also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to Defendants, himself, or anyone else.

## COUNT I- VIOLATION OF 42 USC §1983

13. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

14. Defendants Lesher, Blankenship, and Evans used unnecessary and excessive force against Plaintiff when they slammed plaintiff and then punched, beat, and struck Plaintiff when plaintiff did not pose a threat to himself or others and was handcuffed behind his back and shackled. This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of

West Virginia.  The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America.  At no time did Defendants Lesher, Blankenship, and Evans employ any efforts to temper.  Defendants' conduct was unnecessary and excessive and is cruel and unusual punishment. Defendants' use of excessive force on a compliant inmate, as well as Defendant Lesher cursing at and threatening Plaintiff, demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

15. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity.  Defendants Lesher, Blankenship, and Evans's use of excessive force was cruel and unusual punishment.  This cruel and unusual punishment was carried out without any just cause and was completely unwarranted.  Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights.  The failure to make any effort to temper is further evidence of Defendants Lesher, Blankenship, and Evans malicious conduct.

16. The conduct of Defendants Lesher, Blankenship, and Evans was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment.  Further, Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights.  Defendants Lesher, Blankenship, and Evans would have known that their conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

17. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered serious physical injury, loss of vision, numbness in his hands, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as

punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

FLOYD BOGGS,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroebel1@gmail.com